IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHARON CARTER,                               No   C 08-5095 VRW

    Plaintiff,                            ORDER

    v

MICHAEL J ASTRUE, Commissioner of
Social Security,

    Defendant.
_____/

        Plaintiff Sharon Carter brings this action under 42 USC § 405(g) to obtain judicial review of the Social Security Administration's (SSA's) final decision denying her application for disability insurance benefits (DIB) and supplemental security income (SSI).  Doc #9.  The parties have filed cross-motions for summary judgment.  Docs #9, #12.  For the reasons stated herein, the court DENIES plaintiff's motion and GRANTS defendant's motion.

I

        Plaintiff was born on January 10, 1951.  Administrative Record (AR) 130 (Doc #8).  She completed thirteen years of formal

education and from 1988 to 2000 she worked as a computer operator and billing technician for an adolescent treatment center. AR 152, 188. Plaintiff testified that she stopped working when two car accidents, one in September 2000 and the other in May 2001, exacerbated an existing back injury that she suffered while coaching a track meet in 1996. AR 51.

On January 12, 2001, plaintiff filed her first application for SSI and DIB alleging disability since June 23, 2000 due to back problems, sciatica and high blood pressure. AR 8, 55. After a lengthy administrative process, on March 17, 2005, the administrative law judge (ALJ) issued an unfavorable decision finding that although plaintiff was not able to perform her past relevant work, she was nonetheless able to perform a wide range of work at the "medium" level of exertion. AR 8, 11-15. This court affirmed that decision. AR 50.

On October 16, 2006, plaintiff filed her second application for SSI and DIB alleging disability due to the same symptoms as those listed in her first application. AR 130-37. But the medical records of plaintiff's treating physician Dr Raymond Yu showed no substantial changes in plaintiff's condition since the final decision of her last application. AR 271-89. The SSA completed a "Chavez (AR 97-4(9)) Screening Guide" which indicated that the case was subject to SSA's Acquiescence Ruling 97-4(9), developed to help the SSA comply with the requirements of <u>Chavez v Bowen</u>, 844 F2d 691 (9th Cir 1988) in cases involving prior rulings by the SSA on the same or similar evidence and that plaintiff's previous file was retrieved. AR 174. A Psychiatric Review Technique form completed by an agency consulting physician on

2

February 13, 2007 found "no medically determinable impairment." AR 244-54. On February 23, 2007, the SSA denied plaintiff's second application for SSI . AR 79, 85. Plaintiff filed a request for reconsideration of her second application. AR 91.

In the interim, on March 13, 2007, plaintiff visited Dr Yu complaining that her back pain had gotten worse and that there was a new pain in her thighs. AR 272. Dr Yu noted that plaintiff was experiencing more pain and recorded his impression that plaintiff had worse sciatica on the left side and increased hypertension. AR 272. Dr Yu ordered a magnetic resonance imaging (MRI) scan of plaintiff's lumbar spine. The report compared the findings to those in a study dated August 2, 2004. AR 285. The report commented that a "mild diffuse disc bulge with moderate facet arthropathy at L5-S1 causes stable mild bilateral foraminal narrowing, unchanged. There is significant central stenosis [and] * * * mild lateral recess narrowing and encroachment of the exiting S1 nerve roots, slightly progressed since prior study." Id.

On August 14, 2007, agency medical consultant Dr S A Bussey completed a residual functional capacity (RFC) assessment for plaintiff. AR 290-96. That assessment found plaintiff able to lift twenty pounds occasionally and ten pounds frequently, stand or walk and sit six hours in an eight-hour workday with unlimited pushing and/or pulling, frequent climbing, stooping, balancing, crouching and crawling and occasional kneeling and crawling. AR 291-92. The RFC assessment noted no manipulative, visual, communication or environmental limitations. AR 292-93. In an accompanying "case analysis" Dr Bussey expressed uncertainty as to why the VE had determined that plaintiff could not perform past

**3**

relevant work and wrote that the new MRI showing central stenosis would warrant changing plaintiff's RFC assessment to "light" work. AR 295-96. The analysis noted that only if plaintiff's RFC was determined to be less than sedentary would she be deemed disabled. Id.

After the SSA denied plaintiff's application for benefits upon reconsideration, plaintiff filed a request for a hearing before an ALJ. AR 101.

On May 27, 2008, the same ALJ who had adjudicated two previous applications for benefits by plaintiff (AR 8), held an administrative hearing. AR 20. Plaintiff testified that: she had not attempted to work since 2000 due to back pain that was traveling down her legs to her feet (AR 27) and that she was taking only Motrin for the pain and did not use a cane for walking. AR 28. Medical Expert (ME) Dr Anthony E Francis testified that the recent MRI scan did not necessarily demonstrate that plaintiff's condition was worse and that, in either event, the condition would resolve itself within a year or two. AR 38. ME Francis further testified that nothing in plaintiff's medical record indicated motor weakness, loss of reflexes or a demonstrable dermatome change supporting radiculopathy. AR 38-39. ME Francis stated that plaintiff's was "not the most severe chronic pain case that we've seen" because ibuprofen, not narcotic pain medication, was used. AR 40. ME Francis concurred that a RFC assessment for light work was appropriate. AR 40. Vocational Expert (VE) Malcolm Brezinsky testified that, given plaintiff's RFC assessment, she could perform her past relevant work as it is performed in the national economy but not as she had actually performed it. AR 42.

**4**

On June 25, 2008, the ALJ issued his decision finding plaintiff not disabled. AR 5. The ALJ concurred with the state agency medical consultants and found plaintiff able to perform a range of light work. AR 13. The ALJ discredited plaintiff's contentions that her back pain was disabling based on: the testimony of ME Francis; the medical records of Dr Yu noting that plaintiff declined both a referral to a spine clinic and injections; the strength of her medication; the fact that plaintiff had not sought further opinions or specialized care; and the fact that no treating or examining physician had concluded that she was disabled during the relevant period. AR 13-14. The ALJ further wrote:

> The claimant has not tried to work at all, indicating possibly no motivation to return to work. She describes a fairly low level of physical activity, but there is no medical explanation to support that description. I recognize that the claimant is disappointed that she is no longer able to be as active as she once was, but Social Security disability benefits are based on an inability to work at all, not just whether the person can do exactly what she did previously.

AR 14. The ALJ found plaintiff able to perform her past relevant work as a billing technician and therefore not disabled. AR 15. The ALJ addressed the difference in his finding regarding plaintiff's past relevant work from his previous decision:

> In my previous decision, I concluded the claimant could not do her previous work, based on the testimony by the [VE] then present. At this hearing, however, the period of time at issue is after the effective date of that previous decision. As I have accepted the claimant's argument that there have been changed circumstances, the res judicata effect of the prior decision is overcome as to the period after March 17, 2005.

AR 15.

5

Plaintiff unsuccessfully sought Appeals Council review of the ALJ decision. AR 1. The ALJ's decision thus became final and plaintiff timely sought judicial review of that decision. Doc #9.

## II

"The Secretary's decision to deny benefits will be disturbed only if it is not supported by substantial evidence or is based on legal error." Andrews v Shalala, 53 F3d 1035, 1039 (9th Cir 1995) (citations omitted). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.

## III

### A

Plaintiff first argues that the ALJ committed legal error by failing to give res judicata effect to his previous finding that plaintiff is not able to perform her past relevant work, citing Chavez v Bowen, 844 F2d at 693. Doc #9 at 5-7. In Chavez, the wrote that "the principles of res judicata apply to administrative decisions, although less rigidly to administrative proceedings than to judicial proceedings," so that findings concerning RFC, education and work experience were "binding" in subsequent proceedings absent "new and material evidence." Id at 694. See also Stubbs-Danielson v Astrue, 539 F3d 1169, 1173 (9th 2008)("ALJ's findings concerning [RFC], education, and work experience are entitled to some deference and such findings cannot be reconsidered by a subsequent judge absent new information not

6

presented to the first judge"). Under the SSA's Acquiescence Ruling 97-4(9), which applies only to "subsequent disability claim[s] with an unadjudicated period arising under the same title of the Act as a prior claim on which there has been a final decision by an ALJ * * * that the claimant is not disabled" arising within the geographical territory of the Ninth Circuit, the SSA applies a "presumption of continuing nondisability" that the claimant bears the burden of rebutting. Acquiescence Ruling 97-4(9)(December 3, 1997). Such a claimant must show a "changed circumstance" affecting the issue of disability within the period at issue, such as a change in the claimant's age category or in the disability criteria, a new impairment or an increase in severity of an existing impairment. Id.

In the March 17, 2005 decision, the ALJ found plaintiff to have a RFC to perform a wide range of medium work but not able to perform her past relevant work; in the June 25, 2008 decision, the ALJ found plaintiff to have a RFC to perform light work but able to perform her past relevant work. AR 12-15.

As noted above, the ALJ explained that he drew different conclusions following the two different hearings based on differences in the VE testimony. But another reason for the underlying discrepancy is apparent from an examination of the transcripts of the two hearings: the VE in the previous proceeding examined and opined on the work "as the claimant actually performed it" and as described in the Dictionary of Occupational Titles (<u>Carter v Barnhart</u>, 3:05-cv-02486-VRW, Doc #4 at 456-57), whereas the VE in the later proceedings opined that plaintiff's past relevant work as a billing clerk was sedentary (and suitable for a

7

person of plaintiff's RFC) "as generally performed in the national economy" (20 CFR § 416.960(b)(2)) but that in her specific case, certain additional duties has brought her work to the medium level (AR 15, 41-42). As the court understands <u>Chavez</u>, new VE testimony as to plaintiff's ability to perform her past relevant work under a different but allowable definition that yields a different result is new and material evidence warranting reconsideration of a prior finding.

The ALJ's findings are afforded only "some" preclusive effect, so a rigid application of res judicata principles is not warranted (<u>Stubbs-Danielson</u>, 539 F3d at 1173); moreover, a finding that a claimant is disabled is not regarded as immutable under the regulations, but rather is subject to periodic review and re-evaluation. 20 CFR § 404.1589, § 416.989 ("After we find that you are disabled, we must evaluate your impairment(s) from time to time to determine if you are still eligible for payments based on disability."). More importantly, the new VE testimony concerned the period after the previous decision so a presumption of non-disability applied. Accordingly, the ALJ did not commit legal error by finding plaintiff able to perform her past relevant work.

B

Plaintiff also argues that the ALJ committed legal error by failing to point to clear and convincing reasons for rejecting plaintiff's testimony regarding her level of pain. Doc #9 at 7-8. The Ninth Circuit has held that the ALJ must provide specific and cogent reasons for rejecting plaintiff's complaints. <u>Lester v Chater</u>, 81 F3d 821, 834 (9th Cir 1995). But the ALJ did address

8

this consideration with care, devoting several paragraphs of his decision to the discrepancy between plaintiff's complaints and the medical evidence. AR 14. The ALJ noted ME Francis's opinion that the lack of evidence of motor weakness, reduced reflexes, atrophy or dermatome change was inconsistent with serious pain, as was the lack of radiculopathy and the use of mild analgesic and the absence of narcotic medications was inconsistent with severe chronic pain. AR 13. The ALJ also noted plaintiff's conservative treatment regimen and failure to seek "new treatments, further opinions, or specialized care," her rejection of surgery, injections and physical therapy, infrequent medical visits and total lack of work activity. AR 14. Accordingly, the ALJ provided clear and convincing reasons for discounting plaintiff's pain testimony and there is no basis for the court to disturb his assessment.

IV

For the foregoing reasons, plaintiff's motion for summary judgment (Doc #9) is DENIED and defendant's motion for summary judgment (Doc #12) is GRANTED. The clerk is directed to enter judgment in favor of defendant and to close the file and terminate all pending motions.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge